UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kendall Allen Gamble *also known as* Kendell Allen Gamble, | ) ) ) | C/A No. 9:25-cv-13441-RMG-MHC |
| Petitioner, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Warden Bailey, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner Kendall Allen Gamble ("Petitioner"), a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254. ECF No. 1. This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 12, 13. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 14. Petitioner filed a Response in Opposition, ECF No. 16, and Respondent filed a Reply, ECF No. 17. The matter is ripe for review.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 13, be granted, and that the Petition, ECF No. 1, be dismissed with prejudice.

## BACKGROUND

The procedural history as described by Respondent has not been disputed by Petitioner and is set forth as follows. Petitioner currently is in the custody of the South Carolina Department of Corrections.

### I.     State Criminal Case

In February 2018, the Marion County Grand Jury issued a twenty-four count indictment indicting Petitioner for one count of first-degree burglary, seven counts of attempted armed robbery, seven counts of kidnapping, five counts of attempted murder, and one count each of discharging a firearm into a vehicle, possession of a stolen handgun, conspiracy, and possession of a weapon during the commission of a violent crime. ECF No. 12-1 at 33–37.

On August 1, 2018, Petitioner appeared before the Honorable William H. Seals, Jr. (the "Plea Court"), and pled guilty to one count of first-degree burglary, one count of attempted armed robbery, one count of kidnapping, three counts of attempted murder, and one count of possession of a weapon during a violent crime. ECF No. 12-1 at 3–32. Petitioner was represented by Jonathan Hiller ("Plea Counsel"), and the State was represented by Assistant Solicitor Patti Parker. *Id.*

As recounted by the State at Petitioner's plea hearing, these charges arose from a home invasion that occurred around 7:30 a.m.; two women and four children were in the home. ECF No. 12-1 at 12–13. Prior to Petitioner and his co-defendant busting through the door with guns, the victims noticed an unusual vehicle in the driveway and called 911. *Id.* The 911 dispatcher overheard the situation and sent deputies to the home. *Id.* Inside the home, Petitioner and his co-defendant demanded money, slapped the women and put guns to their heads, and threatened a five-year-old child with a knife. *Id.* at 13–14. Once police arrived, Petitioner and his co-defendant attempted to escape in their vehicle, and a car chase ensued. *Id.* at 14–19. During the chase Petitioner and his co-defendant shot at two officers. *Id.* The chase ended in a collision; Petitioner, who was the passenger, got out of the car and surrendered. *Id.* The State recovered surveillance videos from the home that captured the two men in the home, and there was dash camera footage from when police first responded and from the ensuing chase. *Id.* In mitigation, Plea Counsel

2

informed the court that Petitioner had confessed to the crimes. ECF No. 12-1 at 25–26.

The Plea Court accepted the plea, finding that Petitioner entered the guilty plea freely, intelligently, and with the advice of counsel. ECF No. 12-1 at 31. Petitioner's guilty plea was entered without negotiations or recommendations other than that the sentences would run concurrently; in exchange for the plea, the State dismissed the remaining charges. *Id.* at 5–6. The Plea Court imposed concurrent terms of fifty years for burglary, twenty years for attempted armed robbery, thirty years for kidnapping, thirty years for each attempted murder offense, and five years for possession of a weapon during a violent crime. *Id.* at 31, 40–46.

On August 13, 2018, Petitioner filed a notice of appeal. ECF No. 12-2. On October 12, 2018, the South Carolina Court of Appeals dismissed the appeal pursuant to Rule 203(d)(1)(B)(iv), SCACR, for failure to provide a basis for appealing from a guilty plea. ECF No. 12-3. Petitioner did not file anything further, and the remittitur was sent October 30, 2018. ECF No. 12-4.

## II.     Post-Conviction Relief Action

Petitioner filed a pro se application for post-conviction relief ("PCR") on September 18, 2019, asserting various claims of ineffective assistance of counsel. ECF no. 12-1 at 47–78. Pertinent to this current action, Petitioner alleged that Plea Counsel was ineffective "for failing to ensure that the Court explained the nature of each offense and elements that had to be proven for each offense." *Id.* at 49. Respondent filed a return requesting an evidentiary hearing. *Id.* at 79–85.

On June 12, 2023, an evidentiary hearing convened before the Honorable Debra McCaslin (the "PCR Court"). ECF No. 12-1 at 87–144. Attorney Joshua Bailey represented Petitioner, and attorney Russell Barlow, II, represented the State. *Id.* At the hearing, Petitioner testified on his own behalf, and Respondent called Plea Counsel as a witness. *Id.* On December 6, 2023, the PCR Court issued an order denying relief and dismissing the application with prejudice. ECF No. 12-1

at 145–70.

On February 28, 2024, Petitioner filed a notice of appeal from the PCR Court's denial of his PCR application. ECF No. 12-5. On July 18, 2024, Appellate Defender Jessica M. Saxon filed a Petition for Writ of Certiorari pursuant to *Johnson v. State*, 364 S.E.2d 201 (1988),[1] arguing that the PCR Court erred in finding Plea Counsel provided effective representation when counsel failed to ensure the Plea Court reviewed the nature and elements of the charges, which rendered Petitioner's plea unknowing and involuntary. ECF No. 12-6. Petitioner did not file any pro se response. On September 18, 2024, the Supreme Court of South Carolina transferred the case to the South Carolina Court of Appeals pursuant to Rule 243(1), SCACR.[2] ECF No. 12-7. On October 8, 2025, the Court of Appeals issued an order denying the Petition for Writ of Certiorari and relieving counsel pursuant to *Johnson*. ECF No. 12-8. The remittitur was sent to the Marion County Clerk of Court on October 24, 2025. ECF No. 12-9.

On or about November 10, 2025, Petitioner sought federal habeas relief by signing his Petition and giving it to prison officials for mailing. ECF No. 1; *see Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

---

[1] In *Johnson v. State*, the court applied the factors in *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals. Pursuant to *Anders*, counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal and furnish a copy of that brief to the defendant; then, after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744. A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief.

[2] Pursuant to South Carolina Appellate Court Rule 243(l), "The Supreme Court may transfer a case filed under this rule to the Court of Appeals." If transferred, the Court of Appeals shall proceed with the case in the same manner as the Supreme Court would have done, with the exception that a petition for writ of certiorari may be granted by one judge of a three-judge panel. Rule 243(l), SCACR.

## STANDARDS OF REVIEW

I.    **Summary Judgment Standard**

Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Id*. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324.

Under this standard, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Id.* at 252. Likewise, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

5

lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

## II.      Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's claims, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *See Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding"). A state court's decision is contrary to clearly established federal law if that court "arrives at a conclusion

opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Evans*, 220 F.3d at 312 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A state court decision unreasonably applies clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. (quoting *Williams*, 529 U.S. at 413).

Because "review under § 2254(d)(1) focuses on what a state court knew and did," this Court measures the reasonableness of the state court's decision based on the information in the record before the state court. *Valentino v. Clarke*, 972 F.3d 560, 575 (4th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)). "Likewise, § 2254(d)(2) provides for a limited review of factual determinations in light of the evidence presented in the State court proceeding[;] [thus,] [t]his backward-looking language similarly requires an examination of the state-court decision at the time it was made." *Id*. (citation and internal quotation marks omitted).

Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. Further, factual findings "made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III.    Procedural Bar

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's

7

highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural default/bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before a petitioner has appropriately exhausted available state-court remedies or after a petitioner has otherwise defaulted/bypassed seeking relief in the state courts will be dismissed absent unusual circumstances, as detailed below.

### A. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies. *See* 28 U.S.C. § 2254(b)–(c). The statute requires that, before seeking habeas corpus relief, a petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Stated plainly, in the interest of giving state courts the first opportunity to consider alleged constitutional errors in state proceedings, a § 2254 petitioner is required to "exhaust" all state remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will generally result in the application of a procedural bar by the South Carolina Supreme Court. *See Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009) (discussing procedural bar and noting the "general rule" in South Carolina is that where a party

fails to file a Rule 59(e) motion, the argument is forfeited).

Furthermore, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. In South Carolina, a claim is not procedurally barred from review in this Court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals. *See In re Exhaustion of State Remedies in Criminal & Post–Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.").

### B.  Procedural Default/Bypass

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. *Smith v. Murray*, 477 U.S. 527, 533 (1986). This situation is sometimes referred to as procedural bypass, as the petitioner has "bypassed" his state remedies. In other words, procedural default/bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Procedural default/bypass can occur at any level of the state proceedings, if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See, e.g.*, *Evans v. State*, 611 S.E.2d 510, 515 (S.C. 2005) (noting an "issue or argument which is neither raised at PCR hearing nor ruled upon by the

9

PCR court is procedurally barred from appellate review" (citation omitted)). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984). If a federal habeas petitioner has procedurally defaulted his opportunity for relief in the state courts, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette,* 644 F.3d 192 (4th Cir. 2011); *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991). Thus, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989).

### C. Cause and Actual Prejudice

Notwithstanding the foregoing, a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction in very limited circumstances. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987). Indeed, because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008).

A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray v. Carrier*, 477 U.S. 478, 488–97 (1986). Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Id.* at 496.

### **DISCUSSION**

Petitioner raises the following ground for relief in his Petition:

**Ground One**:     6th Amendment

**Supporting Facts**:     The PCR Court erred in finding Plea Counsel provided effective representation where counsel failed to ensure that the Plea Court reviewed the nature and elements of the charges that Petitioner pled to, causing his plea to be involuntary and unknowingly entered into.

ECF No. 1 at 5.

In the Return and Memorandum of Law in support of Respondent's Motion, Respondent notes that Petitioner exhausted his PCR remedies and that the Petition was timely filed under 28 U.S.C. § 2244(d)(1). ECF No. 12 at 9–12. Respondent specifically states that "the ground raised by Petitioner is clearly not defaulted because it is the same issue raised in his *Johnson* Petition for Writ of Certiorari." *Id.* at 12. Finally, Respondent argues that the entirety of Petitioner's Ground One fails on the merits. *Id.* at 12–14.

11

I.     **MERITS OF GROUND ONE**

Respondent argues that Petitioner has failed to satisfy his burden under AEDPA review, that Ground One is without merit, and that the Petition should be dismissed. *Id.* at 12–14. Upon review, the undersigned agrees.

**A. The *Strickland* Test**

The Sixth Amendment to the Constitution guarantees a criminal defendant the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the U.S. Supreme Court set forth a two-part test for courts to use to determine claims of ineffective assistance of counsel. A meritorious ineffective assistance of counsel claim must show two elements: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687–96.

As to the first prong, a court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008). To establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

The two-part test enunciated in *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "[I]n order to satisfy

12

the 'prejudice' requirement [set forth in *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. *See* 28 U.S.C. § 2254(d). Additionally, each step in the review process requires deference—deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted). Thus, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101.

The Supreme Court has explained that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Thus, the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Valentino*, 972 F.3d at 580 (citation and quotation marks omitted). Accordingly, "a federal court may grant relief only if *every* fairminded jurist would agree that *every* reasonable lawyer would have made a different decision." *Dunn v. Reeves*, 594 U.S. 731,

13

739–40 (2021) (citation and internal quotation marks omitted).

### B.  The PCR Court's Decision

The PCR Court found Petitioner's claims of ineffective assistance of counsel to be without

merit. ECF No. 12-1 at 145–70. In so doing, the PCR Court applied the *Strickland* standard. *Id.* As

an initial matter, the PCR Court explained as follows:

> In analyzing these claims, this Court has considered the legal arguments by counsel and thoroughly reviewed the record in its entirety. This Court additionally heard the testimony presented at the evidentiary hearing and was able to observe the witnesses, which allowed the Court to evaluate and scrutinize their credibility. . . .
>
> As a matter of general impression, this Court finds Plea Counsel's testimony at the evidentiary hearing **credible** and **persuasive**, where he presented well-recollected testimony of relevant background, facts, and discussions leading up to and during the plea hearing. This Court finds Applicant's testimony at the evidentiary hearing generally **not credible and not persuasive**. This Court further finds applicable the strong presumption that at all stages of Plea Counsel's representation of Applicant, he rendered adequate assistance and exercised reasonable professional judgment. Ard v. Catoe, 372 S.C. 318 331, 642 S.E.2d 590, 596 (2007) (citing Strickland, *supra*). . . .
>
> From this record, this Court makes the following findings:  1. Applicant understood the charges and sentences he faced at his plea hearing; 2. Applicant understood the details and circumstances of a straight-up plea; 3. Applicant clearly indicated he was satisfied with his attorneys; 4. Applicant understood his right to a jury trial and that he waived those rights by pleading guilty; 5. Applicant indicated he had enough time with his attorneys; 6. Applicant indicated his attorneys answered all of his questions, and he had no more questions for them; 7. Applicant indicated no promises were made to him, and his decision to plead guilty was voluntary; 8. Applicant was not under the influence of drugs or alcohol, which may affect his ability to understand the plea proceedings; 9. Applicant understood the range of sentencing; 10. Applicant was clearly advised of his right to appeal; 11. Applicant did not disagree with the facts surrounding the State's case against him, and apologized; 12. Applicant's plea was qualified as freely, knowingly, and voluntarily entered into.

ECF No. 12-1 at 154–56 (internal citations omitted).

Regarding Petitioner's claim that Plea Counsel was ineffective for failing to ensure that the

Plea Court explained the nature of each offense and the elements that had to be proven for each

charged offense, the PCR Court found as follows:

14

Applicant alleges Plea Counsel was constitutionally ineffective for failing to ensure the plea court explained the nature of the charges and elements for each offense. This Court finds this allegation is without merit.

At the evidentiary hearing on direct examination, Applicant testified Plea Counsel did not explain the elements of attempted murder, nor what the State would be required to prove or any evidence that would support the charge.

On direct examination, Plea Counsel **credibly** testified that he explained the elements of the charges and what the State would have to prove to convict Applicant. Plea Counsel **credibly** testified that it is his standard practice to review the charges, the elements, the State's evidence, and potential collateral consequences.

For a plea to be valid, the applicant must have been aware of the nature and crucial elements of the offense, the maximum and minimum penalties, and the rights he is waiving by accepting the plea. Boykin v. Alabama, 395 U.S. 238 (1969); Roddy v. State, 339 S.C. 29 (2000). A plea is not knowing or voluntary if a defendant "lacks knowledge of material evidence in the prosecution's possession." Gibson v. State, 334 S.C. 514, 523, 514 S.E.2d 320, 324 (1999).

A defendant's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record and "may be accompanied by colloquy between the court and defendant, between the court and defendant's counsel, or both." Roddy v. State, 339 S.C. at 34, 528 S.E.2d at 421 (citing State v. Ray, 310 S.C. 431, 437, 427 S.E.2d 171, 174 (1993)). "'[T]he voluntariness of a guilty plea is not determined by an examination of the specific inquiry made by the sentencing judge alone, but is determined from both the record made at the time of the entry of the guilty plea and the record of the post-conviction hearing.'" Dalton, 376 S.C. at 138, 654 S.E.2d at 874 (quoting Harres v. Leeke, 282 S.C. 131, 133, 318 S.E.2d 360, 361 (1984)). Further, "guilty pleas, freely and voluntarily entered, act as a waiver of all non-jurisdictional defects and defenses, including the claims of a violation of a constitutional right prior to the plea." Whetsell v. State, 276 S.C. 295, 297, 277 S.E.2d 891, 892 (1981).

This Court finds Plea Counsel's testimony that he explained to Applicant the elements of the charges and what the State had to prove to convict Applicant **credible**. Further, this Court finds Applicant has failed to show that, but for Plea Counsel's performance, he would have proceeded to trial. See Roddy supra.

Accordingly, this Court finds Plea Counsel's representation of Applicant was not deficient, nor did Applicant demonstrate any prejudice flowing from Plea Counsel's performance in this matter. Therefore, Applicant's request for relief by way of this allegation is **DENIED** and **DISMISSED**.

ECF No. 12-1 at 167–68.

15

### C. Analysis

In his Petition, Petitioner argues that the "PCR Court erred in finding Plea Counsel provided effective representation where counsel failed to ensure that the Plea Court reviewed the nature and elements of the charges that Petitioner pled to, causing his plea to be involuntary and unknowingly entered into." ECF No. 1 at 5. In his Response to Respondent's Motion, Petitioner contends that "the record demonstrates that Petitioner's guilty plea was not knowingly and voluntarily entered" because the "transcript of the plea hearing shows that neither the trial court no[r] defense counsel explained the essential elements of the charged offense before accepting Petitioner's guilty plea." ECF No. 16 at 2. Petitioner argues that without an explanation of the essential elements of the offenses, "Petitioner could not have understood the true nature of the charges against him." *Id.* at 3–4 (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)). Petitioner contends that Plea Counsel "rendered ineffective assistance by failing to explain the elements of the charged offense before advising Petitioner to plead guilty," and he asserts that had he been advised of the elements, "he would not have entered a guilty plea and would have insisted on proceeding to trial." ECF No. 16 at 5–6. Finally, Petitioner argues that the PCR Court's rejection of his claim was an unreasonable application of clearly established federal law. *Id.* at 7.

Upon review, the undersigned finds that the PCR Court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Valentino*, 972 F.3d at 580 (noting the question is not whether a federal court considers the state court's determination under the *Strickland* standard to be incorrect, but whether that determination was unreasonable). The PCR Court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Moreover, the record fails to demonstrate that the PCR Court confronted

16

a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

The Supreme Court has "never held that the judge must himself explain the elements of each charge to the defendant on the record." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (explaining that "the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel"). Rather, "in order for a guilty plea to be voluntary, the defendant must be informed of the elements of the offense, whether by the court, defense counsel, the indictment, or the agreed-to factual basis." *Kelley v. Bohrer*, 93 F.4th 749, 759 (4th Cir. 2024) (citing *Bradshaw*, 545 U.S. at 182–83; *Henderson*, 426 U.S. at 645–47), *cert. denied,* 145 S. Ct. 287 (2024); *see Henderson*, 426 U.S. at 647 (noting that "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of [an] offense in sufficient detail to give the accused notice of what he is being asked to admit" but finding that where the trial judge made a factual finding that an element of the offense was *not* explained to the petitioner, the plea was involuntary); *Harrison v. Warden, Md. Penitentiary*, 890 F.2d 676, 678 (4th Cir. 1989) (explaining that the *Henderson* presumption was appropriate because, *inter alia*, the trial judge asked the defendant "if he had discussed this matter 'entirely' with his counsel" and the defendant responded that he had, and trial counsel later testified at the PCR hearing that he had discussed with the defendant the nature of the offense charged).

The crux of Petitioner's argument appears to be that the plea transcript does not show that either the Plea Court or Plea Counsel explained the elements of the offenses to Petitioner. However, the PCR Court made factual findings, based on the plea transcript, that Petitioner understood the charges and sentences he faced, that he understood the rights he waived by pleading

17

guilty, that he did not disagree with the facts surrounding the State's case against him, and that his plea had been qualified as entered freely, knowingly, and voluntarily. ECF No. 12 -1 at 155–56. The PCR Court also found, based on the plea transcript, that Petitioner indicated he was satisfied with, and had enough time with, Plea Counsel; that Plea Counsel had answered all his questions; and that he did not have additional questions. *Id.* Moreover, at the PCR hearing, Plea Counsel testified as follows: "I have no doubt that I explained the elements, what the State would have to prove for burglary first, for attempted murder, for all of the—the armed robbery, possession of a weapon, yes." ECF No. 12-1 at 129. He further testified that it was his standard practice to review with his clients the charges, the elements, and what the State has to prove. *Id.* The PCR Court found the foregoing testimony credible, *id.* at 165–66, and found Petitioner's testimony to the contrary not credible, *id.* at 155.

Such factual findings are presumed to be correct, and Petitioner has the burden of rebutting that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, federal habeas courts "must be especially deferential to the state PCR court's findings on witness credibility," such that a state PCR court's credibility judgment shall not be overturned "unless its error is stark and clear." *Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011), *as amended* (Dec. 12, 2012) (internal quotation marks and citations omitted); *see Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Petitioner has not pointed to any "stark and clear" error on the credibility findings or otherwise rebutted the presumption of correctness of the PCR Court's factual findings by clear and convincing evidence. *See* 28 U.S.C. 2254(e)(1).

The PCR Court properly considered the plea transcript as well as the PCR testimony in its analysis, and its conclusion that Petitioner entered his plea knowingly and voluntarily is not contrary to clearly established federal law. *See Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."); *id.* (examining the plea colloquy as part of its analysis); *Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969) (explaining that a defendant entering a plea must understand the constitutional rights he is waiving and the consequences of the plea in order for the plea to be knowing and voluntary).

Petitioner has not shown that the PCR Court's determination under the *Strickland* standard was unreasonable. *Valentino*, 972 F.3d at 580. In applying prong one of the *Strickland* analysis, the PCR Court found Plea Counsel's testimony credible and concluded that Plea Counsel was not deficient in explaining the elements of the charges to Petitioner prior to the guilty plea. ECF No. 12-1 at 168. In applying prong two, the PCR Court found that Petitioner failed to show that, but for Plea Counsel's performance, Petitioner would have proceeded to trial. *Id.* Upon consideration of the record and the filings before the Court, and mindful of the "doubly" deferential standard applied on habeas review, the undersigned finds that the PCR Court's conclusions that trial counsel's performance was not deficient and that Petitioner was not prejudiced by that performance are neither unreasonable nor based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Harrison*, 890 F.2d at 678. Accordingly, the Petition should be dismissed.

19

**CONCLUSION**

For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion for Summary Judgment (ECF No. 13) be **GRANTED** and that the Petition be **DISMISSED with prejudice.**

June 30, 2026                                          Molly H. Cherry
Charleston, South Carolina                   United States Magistrate Judge

**The parties are directed to the next page for their rights to file objections to this recommendation.**

20

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).