**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

Kendall Allen Gamble,

        Petitioner,

    v.

Warden Baily,

        Respondent.

Case No. 9:25-cv-13441-RMG

**AMENDED ORDER**

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 18), recommending that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed with prejudice. Petitioner was advised he had 14 days to file written objections to the R & R, and a failure to file timely objections would result in limited clear error review and a waiver of the right to appeal the district court's order.

Any objections to the Magistrate Judge's R & R were due by July 17, 2026 (including three additional days for mailing.) (Dkt. No. 18). Petitioner dated his response on July 20, 2026, and it arrived on July 23, 2026. (Dkt. No. 24). Despite the lateness of the filing, the Court has filed an amended order which includes consideration of the untimely objections.

## I.  Background

Petitioner, a state prisoner acting pro se, brought this habeas petition pursuant to 28 U.S.C. § 2254. Petitioner's criminal charges arose out of a home invasion followed by a high speed chase, which resulted in a crash and the Petitioner's apprehension. Petitioner pled guilty in the Marion County Court of General Sessions to first degree burglary, attempted armed robbery, kidnapping,

three counts of attempted murder, and possession of a weapon in a violent crime. He received concurrent sentences totaling 50 years.

Petitioner timely filed his federal habeas petition after exhausting state PCR procedures. He asserted a single ground, that his plea counsel failed to provide effective representation by allegedly not reviewing with him the nature and elements of the charges, "causing his plea to be involuntary and unknowingly entered into." (Dkt. No. 1 at 3). The Magistrate Judge noted that the state PCR judge found that plea counsel's testimony Petitioner was fully briefed on the charges and elements was "credible and persuasive" and the Petitioner's testimony was "not credible and not persuasive." (Dkt. No. 18 at 14). The Magistrate Judge found that "the PCR Court's denial of Plaintiff's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent nor based on an unreasonable determination of the facts." (*Id*. at 16). The Magistrate Judge further found that Petitioner had not shown that the PCR's application of the *Strickland* standard was unreasonable. Consequently, the Magistrate Judge recommended that the Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice. (*Id.* at 20).

Petitioner's objection does not address the substance of the R & R but simply argues that his state trial counsel's conduct "fell below an objective standard of reasonableness." (Dkt. No. 24). This same argument was presented to the Magistrate Judge and ruled upon in the R & R. An objection which simply reargues the points previously made to the Magistrate Judge or makes a conclusive statement without supporting evidence has no merit.

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.    Discussion

The Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that Respondent's motion for summary judgment should be

granted and the petition dismissed with prejudice.  Petitioner's objection fails to address the merits of the R & R.

**IV.    Conclusion**

For the foregoing reasons, the R & R (Dkt. No. 18) is **ADOPTED** as the Order of the Court.  The Court **GRANTS** Respondent's motion for summary judgment (Dkt. No. 13) and **DISMISSES** this action with prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 27, 2026
Charleston, South Carolina

4